James R. Patterson, State Bar No. 211102
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys for Plaintiffs and the Class

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYAD O. AKEL, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 11-cv-0647-MMA-RRB<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA CIVIL CODE § 1747.08**<br><br>[Demand for Jury Trial]<br><br>*Complaint File: March 3, 2011* |

Plaintiff Eyad O. Akel, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through his attorneys, as follows:

## I. INTRODUCTION

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or

otherwise records upon the credit card transaction form or otherwise.[1]

2. Defendants operate retail stores throughout the United States, including California. Defendants are engaging in a pattern of unlawful and deceptive business practices by requesting and recording personal identification information, including zip codes, from some customers using credit cards at the point-of-sale in Defendants' retail establishments.

3. On information and belief, Defendants use the zip codes and additional information obtained from customers' credit cards, including their names, to obtain their residential home addresses. Defendants obtain credit card customers' addresses with the help of third-party vendors such as Experian or Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. These vendors typically require merchants to confirm that they have obtained customers' informed consent to utilize their personal identification information before it is shared with the vendor.

4. Defendants do not disclose their true intentions behind requesting customers' zip codes, including that it will be used to obtain customers' home addresses, or shared with third parties. Rather, Defendants rely on consumers' incorrect assumption that Defendants want their zip codes to verify their identities for security purposes and as part of the credit card transactions. But, on information and belief, Defendants are not using credit card customers' zip codes for security measures, and this information is certainly not necessary to process customers' credit cards.

5. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II. JURISDICTION AND VENUE

6. Plaintiff is informed and believes that defendant Office Depot, Inc. is a Delaware Corporation with its principle place of business in Florida.

7. Plaintiff is a resident of California and entered into credit card transactions at one or more of Defendants' retail locations in San Diego, California.

8. Defendants have accepted credit cards for the transaction of business throughout California, including in the County of San Diego.

9. All injuries occurred in California, including the County of San Diego, which has caused both obligations and liability to arise in the County of San Diego.

### A. Doe Defendants

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

### B. Agency/Aiding And Abetting

11. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

wrongful goals, and wrongdoing.

## III. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

### A. Plaintiff's Contact with Defendant

13. On at least one occasion within the last 12 months, Plaintiff went shopping at one of Defendants' retail stores located in the state of California.

14. Plaintiff proceeded to the cashiers' section of Defendants' store to pay for the selected merchandise with a credit card.

15. During the credit card transaction, Defendants' cashier requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff why this information was being requested.

16. Plaintiff believed the requested information was necessary to complete the credit card transaction and provided Plaintiff's zip code to Defendants' cashier.

17. The cashier typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

18. Plaintiff then completed the transaction with the cashier and left the store with the purchased merchandise.

## IV. PLAINTIFF'S CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action against Defendants, pursuant to California Code of Civil Procedure section 382, on behalf of all persons from whom Defendants requested and recorded personal identification information in conjunction with a credit card transaction in California (herein referred to as the "Class"). Excluded from the Class are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

20. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendants.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

22. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, and Plaintiff's claims are typical of the Class claims.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a. whether Defendants requested zip codes from credit card customers;

   b. whether Defendants recorded credit card customers' zip codes;

   c. whether Defendants' conduct violates California Civil Code section 1747.08;

   d. what was done with the collected information, including whether it was stored, sold, or otherwise disseminated to others; and

   e. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

24. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

25. Plaintiff can fairly and adequately represent the interests of the Class, has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action litigation.

# FIRST CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08

26. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 25 of this Complaint.

27. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

28. Defendants accept credit cards for the transaction of business. During the class period, Defendants requested and recorded some of their credit card customers' zip codes, including Plaintiff's, during credit card transactions. Zip codes constitute personal identification information for purposes of section 1747.08.

29. Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## V. PRAYER FOR RELIEF

1. That the Court certifies this action as a class action appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. For distribution of any moneys awarded via fluid recovery or *cy pres* recovery where necessary;

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

///
///
///
///

5. For costs of the suit;

6. For prejudgment interest at the legal rate;

7. And for such other relief as the Court may deem proper.

Dated: June 7, 2011                                   HARRISON PATTERSON & O'CONNOR LLP


By:  /s/ James R. Patterson
     James R. Patterson
     Attorneys for Plaintiff and the Class


## DEMAND FOR JURY TRIAL

Plaintiffs and the Class demand a jury trial for all of the claims so triable.

Dated: June 7, 2011                                   HARRISON PATTERSON & O'CONNOR LLP


By:  /s/ James R. Patterson
     James R. Patterson
     Attorneys for Plaintiff and the Class

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served June 7, 2011, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ *James R. Patterson*